## J. D. McNEELY v. DUFF & ELLSON.

1. WITNESS — *Examination — Use of Memoranda.* A witness may refresh his recollection by reference to any memoranda relating to the subject-matter, to which his attention is directed on the stand, whether the memoranda are in such form as to be competent as independent evidence or not, and then testify, providing he then has any independent recollection of such subject-matter.

2. FINDINGS, *Not Upheld.* A finding of the jury upon any point in the case cannot be upheld when all the evidence in the case relating to such point is against the finding.

*Error from Brown District Court.*

ACTION by *Duff & Ellson* against *McNeely*, on written agreements. Judgment for plaintiffs, at the February term, 1889. Defendant brings error. The opinion states the facts.

*S. L. Ryan*, and *W. I. Stewart*, for plaintiff in error:

There is little or no dispute in the evidence as to the $400 being paid and indorsed on the contract of April 25, 1887,

under a mutual mistake, and on the belief of McNeely that there was as much as $1,400 due William Plank from the railway company on the April board bills.

There was no legal obligation on the part of McNeely to pay anything thereon, and the fact that $400 was advanced before either party knew the amount of such board bills raises an implied contract on the part of plaintiffs below to repay the same, with the legal rate of interest thereon, and the court should have given instruction No. 2, asked by defendant.

A voluntary payment with full knowledge of all the facts cannot be recovered, even where there is no debt or obligation to pay; but payment under a mistake of fact may be recovered, and, as a rule, without regard to the negligence of the party making the payment. *Fraker v. Little,* 24 Kas. 598; *Juneau v. Stunkle,* 40 id. 756; *Lewellan v. Garrett,* 58 Ind. 442; *Citizens Bank v. Graffin,* 31 Md. 507.

There was no competent evidence to establish any part of plaintiffs' second cause of action.

*A. G. Hobbs,* and *W. F. Means,* for defendants in error:

If, when McNeely paid Duff & Ellson the $400 in controversy in this action, he knew all of the facts, and knew whether the condition precedent had happened or not, he thereby accepted the order or ratified the contract, and is estopped from denying it afterwards, and cannot recover the amount paid. *Church v. City of Wyandotte,* 31 Kas. 721; *Fraker v. Little,* 24 id. 598; *Juneau v. Stunkle,* 40 id. 756.

Opinion by STRANG, C.: Action was brought in this case upon two distinct written agreements, as follows:

"682. ST. JOSEPH, MO., April 25, 1887.

"I agree to pay Messrs. Duff & Ellson $682 out of William Plank's board bill for April, 1887, provided the board bill amounts to $1,400, and the C. K. & N. Railway Company pays it to me. J. D. McNEELY."

"St. Joseph, Mo., May 12, 1887.

"Messrs. Duff & Ellson: You will please let F. Plank have what meat he may want to run the boarding house in Horton, from the first of May to further orders, and I will pay you for the same.                                      J. D. McNeely."

These transactions were had during the period when the Rock Island railway was building in Kansas. J. D. McNeely was a wholesale grocery man in St. Joseph, Mo.; Duff & Ellson were conducting a retail meat business in Horton, this state, and William Plank and wife were running a boarding house at Horton, and boarding the construction force of the C. K. & N. railway. McNeely was furnishing groceries and provisions to Plank and wife for the board of the railway laborers, and was, under an agreement between Plank, the company, and himself, to receive his pay directly from the company. Duff & Ellson were also letting Plank and wife have meat, lard and ice for use in said boarding house, and on the 25th day of April, 1887, Plank and Duff, representing the firm of Duff & Ellson, went to St. Joseph, and after an interview with McNeely, in which they informed him that Plank's board bills for April, to be paid by the company, would amount to $1,500, he gave Duff, for the firm which he represented, the writing sued on in the first cause of action. Afterward, on June 7, McNeely paid $400, which was indorsed on said written instrument. The first cause of action, which was on said instrument, was for the balance due thereon. Duff & Ellson claimed to have sold Plank, or his wife, F. Plank, on the order of McNeely, $318.85 worth of meats, including some ice and lard, and they also claimed they had sold William Plank before that time $63.25 worth of meat. Duff & Ellson had in the meantime purchased $191 worth of bacon of McNeely, for which they gave him credit, after deducting the bill of Plank for $63.25, and claimed a balance due on the second cause of action of $190.70, and interest. The defendant answered, claiming that he was only to pay Duff & Ellson the amount set out in plaintiff's first cause of

action on condition that the C. K. & N. Railway Company paid him $1,400 on Plank's board bills for April, 1887, and then alleged that he only received $982 from the company; that he had paid the $400 indorsed on said writing while both he and Duff, representing Duff & Ellson, believed the bills of Plank for April would amount to $1,400; and that, therefore, said sum had been paid and received through a mutual mistake, and on an agreement that they (Duff & Ellson) would pay him back the $400, with interest at 10 per cent., if he (McNeely) did not receive from the company $1,400 on Plank's bills for the month of April, and he therefore demanded judgment against the plaintiff for the $400 and interest. He also claimed to have sold to the plaintiffs bacon to the amount of $191.40, for which he also claimed judgment. The case was tried by a jury, and the following findings were made:

"1. At the time the defendant, J. D. McNeely, paid the $400 on said written instrument, did he (J. D. McNeely) believe that there was due said William Plank, for boarding the C. K. & N. Co.'s men for the month of April, 1887, the sum of $1,400? A. No.

"2. At or before the time the defendant paid the $400 on said written instrument, did Duff & Ellson promise to pay the same back to said J. D. McNeely, if there was not $1,400 due William Plank from said railway company for boarding its men for the month of April, 1887? A. No.

"3. Was said $400 paid on said written instrument under the mutual belief of plaintiffs and defendant that there was $1,400 or more due said William Plank from said railway company for boarding its men for the month of April, 1887? A. No.

"4. How much do you find that Duff & Ellson owed J. D. McNeely for bacon, etc., furnished them by said J. D. McNeely? A. ($128.15) one hundred and twenty-eight dollars and fifteen cents.

"5. How much meat did plaintiffs furnish F. Plank on said order, from May 12, 1887, to the time said account closed? A. ($161) one hundred and sixty-one dollars.

"6. How much was due William Plank from said C. K.

& N. Rly. Co. tor boarding its men for the month of April, 1887?   A. $998.

"7.   How much did defendant, J. D. McNeely, collect from said C. K. & N. Rly. Co. for board due William Plank for the month of April, 1887?   A. ($992) nine hundred and ninety-two dollars."

.The jury also returned into court a general verdict for the plaintiffs in the sum of $36.72.   A motion for a new trial was argued and overruled, and the case is brought to this court by the defendant below for review.   It is alleged that the court below erred in receiving and also in rejecting testimony.

With our view of this case, the first cause of action is entirely eliminated from it.   The findings of the jury negative all the claims of the defendant with respect to this cause of action, and the admission of the parties, the findings of the jury, that McNeely only received from the railway company the sum of $982 on the board bills of Plank for the month of April, 1887, and the instruction of the court in this matter negatived the right of the plaintiff to recover anything on this cause of action.   So far as the second cause of action is concerned, there are two questions which challenge the attention of the court: First, did the trial court err in admitting, over the objection of the defendant therein, the evidence of the witnesses who testified concerning the amount of meat sold by Duff & Ellson to F. Plank, on the order which is made the basis of said second cause of action?   The plaintiff in error contends that as the witnesses could not testify as to the amount or value of the meat sold, when first on the stand, they should not have been permitted to testify after having refreshed their recollections by referring to the book of accounts which had been rejected as evidence when it was offered in proof of the account.   We do not think this contention is valid.   As we understand the rule, the witness may refresh his recollection by any book or memoranda containing the account, or so much of it as is sufficient to refresh his recollection, whether it is in such form that it would be

received in evidence or not, and then testify, if he has any independent recollection of the transaction. The witnesses whose evidence is complained of seemed to know but little about the transaction even after they had refreshed their recollections, but they did claim to have some independent recollection of the value of the meat sold. One witness said it was somewhere from $50 to $60, but finally fixed it, as within his knowledge, at $30 for the period of time during which he had charge of the books, while the other finally fixed the the amount sold while he had charge at $131. Their evidence, even after they had access to such information as the book contained, was halting and lame, and such evidence as the jury trying the case would have been justified in giving little or no consideration to; but while we think the jury would have been justified in giving such evidence little weight, because of its apparent want of credibility, the court could not exclude it as being incompetent.

The next or last question for us to consider is, whether the verdict and findings of the jury are sustained by the evidence. The jury find, in answer to the fourth question submitted to them, that Duff & Ellson owed J. D. McNeely, for bacon furnished them by him, $128.15, while all the evidence in the case shows that they owed him for such bacon $191.40, and this amount was admitted by the pleading. The plaintiffs attached to their petition an exhibit showing the amount of bacon purchased by them of McNeely, and its value was fixed at that amount. The jury were led to this mistake by the statement of the witness Duff, who said, in answer to a question on cross-examination, when he was called by the defendant below to prove the amount of bacon sold by McNeely to Duff & Ellson, that $63.25 worth of that bacon was applied on the bill sold between the 25th of April and May 1. The redirect examination of said witness showed that the bill of $63.25 was a bill of William Plank, charged to William Plank, and sold to him between April 25 and May 1, and that it could not have been sold under the order of McNeely to Duff & Ellson to sell meat to F. Plank to run the boarding house from May 1 un-

til further orders. This matter was again referred to by Duff, when recalled by the plaintiffs below, as follows: "Well, I told him [McNeely] I wanted some bacon, and he said he would furnish me bacon in this running account that we had. That was on the F. Plank running account." This evidence of Duff's precludes the idea that Duff & Ellson had the right to offset the bill of $63.25 sold to William Plank. And this is all the evidence in the record on this subject; so that it follows that there is no evidence in the record to support the action of the jury in deducting the $63.25 from the $191.40, due McNeeley for bacon.

For this error, the judgment of the court will have to be reversed, and the case remanded for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.