THE CITY OF GARDEN CITY v. S. M. HELLER.

No. 11,577.   (60 Pac. 1060.)

1. CHANGE OF VENUE—*Objection too Late.*  Upon an application for a change of venue the papers and files of the case were transmitted to the district court of another county, where both parties appeared and proceeded to trial without objection.  After judgment had been rendered and the same reversed upon a proceeding in error, objection to the jurisdiction was made because no formal order changing the venue had been made and entered.  *Held,* that the objection came too late, and that any irregularity in transferring the case had been waived.

2. PRACTICE, SUPREME COURT—*Assignment of Error.*  In assigning error upon the admission of testimony, that which is challenged should be particularly pointed out and the objection fully stated.  It is not sufficient merely to call attention to testimony beginning at a certain page, or which may be found between certain designated pages of the record.

3. EVIDENCE—*Memoranda.*  Where certain voluminous memoranda as to the number and kinds of trees planted under a contract with a city have been made by witnesses who at the trial have no independent recollection of the facts, but can testify that they knew of the truth and accuracy of the statements in the memoranda when they were written, and that they were correctly written, both the testimony of the witnesses and the memoranda may be received in evidence.

4. CONTRACT—*Tree-contract Construed.*  The contract for the planting of trees not having specified the particular method or manner in which they should be planted and maintained, but having provided that the city should only pay for such trees as were in a thrifty and prosperous condition at the end of a stated time, the manner of planting was not of the essence of the contract, and the exclusion of testimony pertaining to the same was not error.

5. ——— *Intention of the Parties.*  The intention of the parties is the controlling consideration in the interpretation of a contract, and if from the whole contract the mutual understanding of the parties appears, their intention should be given effect, notwithstanding there may be slight inconsistency or clerical mistakes in the provisions of the contract.

Error from Edwards district court; JAMES E. ANDREWS, judge.  Opinion filed May 5, 1900.  Affirmed.

*R. W. Hoskinson*, city attorney, *G. L. Miller*, and *Albert Hoskinson*, for plaintiff in error.

*F. Dumont Smith*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by S. M. Heller against Garden City on a tree-planting contract, the validity of which was considered by this court in 1897. (*Heller v. City of Garden City*, 58 Kan. 263, 48 Pac. 841.) The legal questions which arose on the pleadings, as to the right of the city to contract for the planting of trees on the streets and public grounds, and the liability of the city to the contractor where it repudiated the contract and refused to make assessments against the abutting property, were then fully determined. The case was remanded, and after a trial before a jury a judgment against the city for $33,-394.03 was rendered, and the points on this proceeding for reversal are mainly questions of practice which arose in the course of the trial.

1. The first point is that there was no jurisdiction in the district court of Edwards county to try the case. It was begun in Finney county, of which Garden City forms a part, and it was sent to Edwards county on an application for a change of venue. The record does not affirmatively show that an order granting the change was made, and it is contended that the absence of a formal order defeats the jurisdiction. It does appear that the application was made; that the files and papers in the case were thereupon transmitted to the district court of Edwards county; that both parties appeared there and the city submitted itself to the jurisdiction of that court; that the trial resulted

1. Change of venue —objection too late.

in favor of the city, and the plaintiff prosecuted error and obtained a reversal. The objection that the change of venue was irregularly made came after all these steps, and was too late. While the record is silent as to the ordering of a change, " all presumptions from silence on the part of the record should be construed in favor of the regularity and validity of the proceedings of the court, and not against the regularity and validity of such proceedings." '(*Hunter's Adm'r v. Ferguson's Adm'r*, 13 Kan. 462.) However, it is not necessary to rest the decision of the point upon mere presumption. When the change was made the defendant did not make a timely objection, but instead recognized the validity of the proceedings in obtaining a change, and fully submitted itself to the jurisdiction of the court. The city asked and obtained a favorable judgment without protest or objection, and must be held to have waived the irregularity or any question as to the proper transfer of the case. (*Stow v. Shay*, 54 Kan. 574, 38 Pac. 784; *Linney v. Thompson*, 3 Kan. App. 718, 45 Pac. 456.) See, also, *Vaughn v. Hixon*, 50 Kan. 773, 32 Pac. 358.

2. Error is assigned on the refusal by the court to give the defendant twenty days' time in which to

2. Time for amended answer.

amend its answer to meet an amendment made in the petition at the opening of the trial. The amendment to the petition consisted of a few words, and was not of a character to require the length of time for answer that was requested. No shorter period was asked for answer, nor did it ask a continuance of the trial. It is not alleged that the city was taken by surprise nor any showing made that such a length of time was necessary to prepare a defense to the amended petition.

There was no abuse of discretion in refusing the request.

3. Objections are made to rulings on the admission of testimony, but some of the testimony to which objection appears to be made is not pointed out with sufficient definiteness to invoke the consideration of the court. It is not enough to direct attention to what may be found in the record, "beginning at a certain page," or "from page 59 to 78, inclusive," or other like designation, without pointing in detail to the objectionable testimony, with the specific objection. The testimony as to boundaries of the city, of which complaint was made, may have been unnecessary, but it was certainly without prejudice.

*3. Assignments of error in evidence.*

4. The admission of the resolution of the city council modifying the original contract, to the extent of requiring the contractor whenever practicable to select such varieties of trees for each lot as would satisfy the owner, was not error. The parties had power to modify the contract, and when a resolution directing a change was passed by the city, and its terms accepted and acted upon by the contractor, the modification became binding on both parties, and the resolution was therefore a proper matter of proof.

*4. Resolution of council properly admitted.*

5. Several objections are made to the testimony of witnesses Light and Moon, which are deemed to be immaterial. They were the agents of the contractor, were familiar with the receiving and planting of the trees, assisted in counting those which were in a healthy and growing condition, and in preparing what is designated as the field-notes and record of the count. Objection is made to their testimony as to the count and to the

*5. Memoranda properly admitted.*

field-notes and record thereof, which were also received in evidence. The count was made and record prepared with care, as the contract required, in the expectation that it would serve as the basis for special assessments against the abutting property, but when the city repudiated the contract and made the debt an obligation of its own, much of the matter in the field-notes and records became immaterial. While the witnesses had no personal recollection of the facts contained in the field-notes, they testified that they assisted in making the count and the record of the same, knew that they were correctly made, and therefore that the count shown in the field-notes and records was true when it was made and is now correct. The witnesses did recollect that there were 15,270 trees by the count that were in a thrifty, prosperous condition and had been planted two years at the time the count was made, 2047 replanted in 1889, and 1145 replanted in 1890, that were in the same condition when the count was made. This testimony, in connection with that of other witnesses, made the field-notes competent evidence. The fact that the witnesses had no independent recollection of the facts contained in the field-notes does not necessarily exclude their testimony as to the facts stated therein, nor the admission of the field-notes themselves. The field-notes were voluminous, containing a record of so large a number of trees of different varieties that the retention of the same in the memory was an impossibility. The general rule is that, if a witness made the entries and knew at the time that they were correct, the memoranda may be received in evidence in connection with the testimony of the witness. (*Solomon Rld. Co. v. Jones*, 34 Kan. 443, 8 Pac. 730 ; *Wright v. Wright*, 58 id. 525, 50 Pac. 444 ; *Insur-*

*ance Companies v. Weides,* 81 U. S. 375, 19 L. Ed. 810 ; *Acklen's Executor v. Hickman,* 63 Ala. 494). The rule is well stated in Jones on Evidence, section 886, as follows :

"It has frequently been held that another rule prevails when the witness, after examining the memorandum, cannot testify to an existing knowledge of the fact, independenly of the memorandum, but can testify that, at or about the time the writing was made, he knew of its contents and of their truth or accuracy. In such cases, both the testimony of the witness and the contents of the memoranda are held admissible. ' The two are the equivalent of a present positive statement of the witness, affirming the truth of the contents of the memorandum.' " (2 Rice, Ev. 748 ; 1 Thomp. Trials, 365.)

The further complaint that these voluminous records were not read to the jury is not entitled to much consideration. The results were proved by the witnesses and the records were before the jury and opposite counsel for any necessary purpose, and so that counsel in their argument to the jury might read therefrom, pointing out any inconsistency or weakness that there was in the proof. The production of the tree records was necessary to show that the contractor had complied with the contract in the matter of preparing and submitting such record, and, having been presented to the jury, they could make such personal investigation as was deemed necessary. No good reasons are given for the objections to the other exhibits, and no material testimony of this character was received to the prejudice of the defendant.

6. The exclusion of testimony as to the manner in which the trees were planted and maintained is not a ground of reversal. The contract did not specify the methods to be employed, but did require that the trees should be

6. Methods of planting not material.

in a thrifty and prosperous condition at a fixed time. The city was not required to pay for any trees except such as were in that condition, and it was therefore immaterial what particular theory of tree planting was adopted or whose methods were followed. It was enough that the city got what it bargained for, and the methods not being of the essence of the contract it was not a material consideration.

No other of the objections to rulings upon the testimony appears to require special attention.

7. The court refused to charge the jury that to comply with the contract all the trees must have been planted before April 30, 1888. There was a provision in the contract that all the planting should be completed by that time, but it also contained a further one that where the trees died or were destroyed others should be substituted. The original planting was substantially completed before April 30, 1888; but for a few weeks afterward trees that appeared to be dying or not in good condition were taken out and others planted in their places. As the contract contemplated such replanting, the court properly refused the request.

**7. Instructions properly refused.**

Another question raised on the instructions to the jury related to the kind of trees authorized by the contract. In the first part of the contract the varieties of trees to be planted are specifically named, and afterward the parties refer to "such" trees as had been named, and then, parenthetically, undertake to name them again, but, evidently through a mistake of the scrivener, some of the varieties first named were omitted; and it is contended that the planting of trees of the classes not named within the parentheses is to be treated as a breach of the contract. Reading the whole contract together, it appears to have been the

intention of the parties that all the varieties named in the petition to the council, and which is made a part of the contract, might be planted, and therefore the requested instruction, that the planting of varieties omitted inadvertently from the second enumeration was not a compliance with the contract, was properly refused.

Exceptions were taken to a great number of the rulings upon instructions refused and given. Some relate to matters which were not of the essence of the contract nor within the issues, to matters already stated to the jury, or to matters which were improper or immaterial, but are not deemed to be such as to require special discussion. The case appears to have been fairly submitted to the jury, and we discover no just cause for complaint against the instructions.

In our opinion, no error was committed in refusing to require the jury to answer special questions more fully and specifically.

After an examination of the numerous assignments of error, not all of which have been mentioned, we find no substantial ground for interfering with the result that has been reached. The judgment will be affirmed.