SYLVAN NEWHALL, *Appellee*, v. ELBRIDGE CHASE,
*Appellant.*

No. 16,272.

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Immaterial Error—Evidence.* A judgment will not be set aside on account of the rejection of evidence which has only an indirect bearing upon the issue decided by the jury, where other evidence of the same general effect, although less convincing, was admitted and was not contradicted.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed January 8, 1910. Affirmed.

*S. F. Newlon,* and *Means & Archer,* for the appellant.
*F. M. Pearl,* for the appellee.

The opinion of the court was delivered by

MASON, J.: Elbridge Chase, the owner of an apple orchard, contracted for the sale of its crop to Sylvan Newhall. Under the contract the seller was to pick the apples and the buyer was to sort and pack them. The buyer was required to advance $500, which was to apply to the last apples delivered. The parties entered upon the performance of their agreement and for about two weeks apples were picked, sorted, packed, delivered, accepted, shipped and paid for. Then a controversy arose, the seller claiming that the buyer was not furnishing a sufficient force to handle the crop properly, and was rejecting more fruit as culls than the contract permitted. The buyer claimed that the attitude of the seller was unwarranted and amounted to a refusal to allow him to proceed under the contract. He therefore ceased all attempt to do so. The owner then marketed the remainder of the crop himself. Newhall, having paid for all the apples he had received, sued to recover the $500 which he had deposited, asserting

that his failure to accept the rest of the crop was the fault of Chase. Chase answered in effect that Newhall had voluntarily abandoned the contract, and thereby, the market price having fallen below that agreed upon, had damaged him in the sum of $1629.60, or $1129.60 over and above the $500 which he still held. A jury gave the plaintiff a verdict for the amount of his claim, and the defendant appeals from the judgment rendered thereon.

For the purpose of showing the number of apples that remained on hand when the plaintiff quit work, the defendant offered in evidence memorandums of the number of barrels and boxes subsequently hauled away from the orchard, made by a witness as the work proceeded. Objections to this and to other similar evidence were sustained, and a reversal is asked solely on this ground. The writings offered were not rendered incompetent by the fact that the witness at the time of the trial had no independent recollection concerning the matter to which they related. (*Garden City v. Heller*, 61 Kan. 767; 1 Wig. Ev. §§ 734, 754.) But even if they ought to have been admitted in evidence they were not so material as to make their rejection a ground for reversing the judgment. They would have been highly important if the jury had found that the buyer had wrongfully abandoned the contract, for in that case it would have been necessary to determine the amount the seller had lost thereby, and that depended upon the quantity of apples remaining to be marketed. The verdict, however, was based upon findings that the unreasonable conduct of the seller prevented the performance of the contract, and in that view of the case the amount of his loss was immaterial.

But the appellant insists that the excluded evidence had a bearing upon the question of who was responsible for the nonperformance of the contract. His argument runs thus: The quantity of apples remaining on

34—81 KAN.

the trees at the time of the disagreement was so great that if the buyer had accepted them at the contract price he would have lost, on account of the turn in the market, about $1500; he could therefore well afford to abandon the deal, even if by so doing he were to forfeit his deposit of $500; the jury in deciding whether his conduct was justifiable were entitled to know this fact, because it threw light upon a motive by which he might have been actuated.   This reasoning is not without force.   The size of the apple crop may have had some indirect bearing upon the principal matter in dispute. But, if so, general information on the subject was all that was necessary as a guide to the jury in determining which party was in the wrong, and this was furnished by estimates, which were given in evidence without contradiction and which agreed substantially with what would have been shown by the rejected writings.   In view of these considerations we can not believe that knowledge of the exact size of the apple crop could have any substantial tendency to persuade the jury to a different verdict.

The judgment is affirmed.