No. 19,488.

GEORGE H. WILKES, *Appellee*, v. S. V. CLARK, Doing
Business as THE S. V. CLARK COAL & GRAIN COM-
PANY, *Appellant*.

##### SYLLABUS BY THE COURT.

1. SALES—*Memorandum—Competent Evidence.* A witness may
refresh his recollection by the use of a memorandum made
under his directions, and under the facts stated in the opinion
the memorandum itself may be received in evidence.

2. EVIDENCE—*Bills of Lading—Carbon Copy Admissible.* Carbon
impressions of bills of lading made at the same time are the
same as originals, and where it is shown that one copy was
given to the railroad company and one copy retained by the
consignee, either may be offered as primary evidence.

3. EVIDENCE—*Hearsay—Exclusion Not Error.* In this case it is
held that there was no error in refusing to permit the defend-
ant to testify what the destination weights of carloads of coal
were at the point to which they were reshipped by him, his in-
formation having been furnished him by his consignee.

Appeal from Sedgwick district court, division No. 1;
THOMAS C. WILSON, judge. Opinion filed May 8, 1915.
Affirmed.

*John W. Adams, George W. Adams,* and *G. L. Skid-
more,* all of Wichita, for the appellant.

*P. D. Gardiner,* of Wichita, and *George H. Wilkes,*
of Florence, Colo., for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant appeals from a judgment
in plaintiff's favor for a balance claimed to be due for
the purchase price of thirteen cars of coal sold and
delivered to the defendant by Robert Locke who as-
signed his claim to the plaintiff. The petition alleged
that the coal was sold at mine weights and upon agreed
prices and terms. The answer was a general denial
with a cross-petition asking judgment against the
plaintiff because of alleged shortages in weights of the

coal, and a further claim for commissions due on certain cars. The case is one involving facts which have been determined by the jury adversely to the contentions of the defendant. The errors complained of are technical. Locke was a witness for the plaintiff and testified to the correctness of a typewritten statement made from data furnished by himself showing the date, name of the car, car number, weight, price per ton, and the amount credited by proceeds of the draft in each instance, and the balance due on each car; that he made every shipment, saw every car loaded, attended the weighing of the coal, received the order slips from the defendant by mail, put the car numbers on the order slips when they were filled, on the waybills when they were shipped, figured up every mine car and drew each draft for every car shipped; that he had personal knowledge at the time of every detail mentioned in the exhibit. Over defendant's objections the witness was permitted to use the memorandum to refresh his recollection, and the memorandum was also admitted in evidence. This was not error. (*Garden City v. Heller,* 61 Kan. 767, 771, 772, 60 Pac. 1060.)

It is seriously insisted that the court committed error in admitting copies of the bills of lading because they were not the originals. It seems that they were made in triplicate by impression sheets. They were made by Locke, one copy it seems given the railway company, one copy sent to the defendant through the bank with the draft attached, and one copy retained by himself. Carbon impressions of papers of this kind made at the same time are the same as originals.

"It is not material which one is mailed and which one retained by the writer and either one may be offered as primary evidence of the contents of the letter. (*Glass Co. v. Pierce,* 87 Kan. 548, 549, 125 Pac. 108.)

There was no error in permitting the plaintiff to prove the weights of coal at the mines. The testimony showed that those were the weights which by the con-

Wilkes v. Coal Co.

tract between the parties were to govern.   It is true
that Locke admitted on the witness stand that there
had been a complaint by the defendant of a shortage
in some of the cars, and at defendant's request he con-
sented to leave a margin in the amount of the draft;
that first it was agreed that this margin should be ten
dollars, but at the defendant's request it was agreed
that on future drafts it should be twenty-five dollars,
and that the original contract had not made provision
for this.   We can not agree with the contention that
this evidence is conclusive that the weights of coal at
the destination should govern the contract.   There was
abundance of competent evidence not only given by the
plaintiff but admissions by the defendant to warrant
the verdict and judgment.   It appears that the defend-
ant purchased the coal for reshipment to other points
and the court refused to permit him to testify what the
destination weights were at the point of reshipment
upon information furnished him by his consignee.   The
testimony was not competent even if it be conceded that
there was some evidence tending to sustain the defend-
ant's contention that weights at destination should
control.

We find no error in the record and the judgment will
be affirmed.