No. 25,348.

THE ANNESS SUPPLY COMPANY, *Appellant*, v. JOHN CASE, *Appellee*.

SYLLABUS BY THE COURT.

SALE OF WHEAT—*Evidence of Wheat Delivered—Entries in Record Books Kept by Seller—Admissibility*. The issue being as to the amount of wheat delivered, it was not error to admit entries in a book made at the time of the transaction by a witness who testified from them as to the number of loads started from the threshing machine for the elevator at which the delivery was to be made.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed July 5, 1924. Affirmed.

*Z. Wetmore, Fred Hinkle,* and *Geo. M. Ashford,* all of Wichita, for the appellant.

*John W. Adams, William J. Wertz,* and *George L. Adams,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.:   The defendant sold to the plaintiff a quantity of wheat, which was paid for on the basis of 3,097.85 bushels having been delivered. This action was brought to recover a part of the payment on the ground that only 3,000 bushels had in fact been delivered. Judgment was rendered for the defendant, and the plaintiff appeals. .

A witness for the defendant testified that at the threshing of the wheat he kept track of the loads, keeping a memorandum of the number in a book; that some loads were hauled to the granary on the premises; that 76 loads were hauled altogether, of which 58 were taken away from the premises, purporting to go to Anness, where the delivery to the plaintiff was to be made, and were started by him in that direction. The entries in the book were admitted in evidence over the plaintiff's objection, and complaint is made of that ruling. The plaintiff contends that the writing was not covered by the language of the statute reading:   "Entries in books and other writings intended as records of sales, purchases, receipts, payments, deliveries, weights, measures, time, transactions or events, made in the regular course of business of any person, firm, corporation or public officer, as a record of the matters to which they relate, at or near the time of the transaction or occur-

rence, shall be admissible in evidence on proof that they were so made." (R. S. 60-2869.) The statute is to be liberally rather than strictly construed. Without much straining, the record in question may be said to have been made in the regular course of business and to be one of measures, in a rough way, by the load; perhaps also of deliveries, although the writing does not show completed delivery to the plaintiff; and at least of transactions. But apart from this statute the entries were admissible as memoranda made at the time, from which the witness is enabled to state the facts, not because his memory is refreshed, but because he knows the entries he made were correct. "The general rule is that, if a witness made the entries and knew at the time that they were correct, the memoranda may be received in evidence in connection with the testimony of the witness." (*Garden City v. Heller,* 61 Kan. 767, 771, 60 Pac. 1060.) The objection that the witness did not know of his own knowledge that the loads of wheat that were started toward Anness ever reached that destination does not affect the admissibility of the writing. The starting of the wheat was one step in the process of delivery. The defendant was entitled to introduce the writing in connection with the testimony of the witness, who had already testified without objection to the number of loads he had started for Anness. This number corresponded with that indicated by evidence concerning the number of scale tickets issued by the plaintiff to the drivers, and by them turned over to the defendant or otherwise accounted for.

The judgment is affirmed.