No. 26,186.

THE STATE OF KANSAS, *Appellee*, v. ROY PITSENBERGER, *Appellant*.

SYLLABUS BY THE COURT.

1. LARCENY—*Evidence—Competency*. In a criminal action against a defendant charged with larceny of twenty-four Rhode Island Red hens, the proceedings considered, and *held:* (*a*) Evidence tending to show that the defendant heard a telephone conversation on a party-line telephone was not incompetent; (*b*) evidence of sales of a large number of chickens to produce dealers by the defendant of the same kind and breed as those stolen was not incompetent.

2. CRIMINAL LAW—*Appeal—Review—Necessity of Timely Objection*. A complaint of alleged prejudicial remarks by the county attorney in the presence of the jury is not reviewable without timely objection to the trial court.

3. SAME—*Generally*. Various other assignments of error considered and held not to be well founded.

Appeal from Morris district court; CASSIUS M. CLARK, judge. Opinion filed November 7, 1925. Affirmed.

*W. C. Harris* and *Owen S. Samuel,* both of Emporia, for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *Harry M. Tompkins,* county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant was charged with having stolen twenty-four Rhode Island Red hens and was convicted of grand larceny. He appeals.

The evidence tended to show these facts: The defendant was a farmer living some distance from Council Grove. During the fall and winter of 1923-'24 various of his neighbors missed many chickens. The evening of April 19 was a still moonlight night. Roy Weirick, one of the defendant's neighbors, started from home to Council Grove, passing near the defendant's place, also near the place of Dave Campbell. He saw a car ahead of him going west. He observed that the lights of the car did not go over the second of two small hills which were ahead. Shortly thereafter he met a car coming east in which he recognized the defendant. Weirick's suspicions were aroused. He got Jim Allen, a neighbor, and drove to the Campbell home, where they saw a Ford touring car close to

1. Larceny, 36 C. J. §§ 469, 471; 17 L. R. A. 440; 6 L. R. A., n. s., 1180; L. R. A. 1918D, 720.  2. Criminal Law, 16 C. J. § 2266; 17 C. J. § 3332.  3. Id., 16 C. J. § 2269; 17 C. J. § 3336.

Campbell's chicken house. Allen recognized the defendant and positively identified him by a limp with which he was afflicted. The defendant was coming from the chicken house to his car. The defendant started his car out of the yard in a hurry, going north. Weirick and Allen gave chase and identified the number of the license tag on the defendant's car. The records in the office of the secretary of state showed that the same license number had been issued to the defendant. The same number was also identified as being the defendant's by a witness who had checked the defendant's car in town the afternoon preceding. Allen and Weirick followed the car until it got to defendant's home, where it was driven into defendant's yard and disappeared. The defendant was arrested about 11 or 11:30 that night. His car was examined, but the tag was gone. The plate indicated that it had recently been removed. At that time there were a large number of chickens around the place in coops, henhouses, some squatting on the ground, and some in a crate in a granary. The chickens were mixed, but among them were a good many Rhode Island Red chickens. Some were jammed so tightly in the coops that they had to be taken out to be counted. Dave Campbell and Margaret Campbell, his sister, testified that they owned Rhode Island Red chickens; that some of the chickens were marked by having the outside toe of the right foot cut off; that they had counted their chickens on the morning of April 19, and had 138; that afterwards that evening they counted their chickens and twenty-four were missing; that two of the marked chickens were among the missing. On the following day Campbell went to defendant's place and there found a Rhode Island Red chicken with the outside toe cut off the right foot which he identified as belonging to him and his sister.

The defendant complains chiefly that the court erred in the admission of incompetent evidence and because of alleged misconduct by counsel for the state.

Mrs. Weirick testified that she was "rubbering" (listening-in) on the telephone and that she heard the defendant talk over the telephone to his wife's sister; that she recognized his voice; that while they were talking central called for the line (which was a party line) and that a conversation immediately began between Margaret Campbell and her sister in which Margaret told of the intention of herself and brother Dave to go to the picture show in town that

night. There was other testimony to the effect that the defendant was seen sitting in his car outside the theater in town between 7:30 and 8 o'clock that evening, from which the inference could reasonably be drawn that by listening in and hearing the conversation in regard to the Campbells going to the theater, the defendant was there to confirm that fact, and having confirmed it, proceeded to the Campbell home, where he procured the chickens in the absence of the Campbells. Under all the circumstances we are of the opinion that the testimony relative to the telephone episode was competent.

Complaint is made of the admission of evidence of sales of a large number of chickens of the same kind and breed as those missed by the Campbells and others by defendant to the produce dealers previous to the acts complained of in this case. "Any pertinent fact which throws light upon the subject under judicial consideration— the accused's guilt or innocence of the crime for which he is charged and on trial—is admissible; nor is such probative fact to be excluded merely because it may also prove or tend to prove that the accused has committed another crime or many crimes." (*State v. King,* 111 Kan. 140, 206 Pac. 883.)

We think that the evidence of these sales of chickens was a circumstance not improper for the consideration of the jury.

It is contended that during the trial counsel for the state made remarks in the presence of the jury relative to chicken thieves and chicken stealing which were highly prejudicial to the defendant. We have examined the record, but find no objection to the remarks of counsel to which attention is now directed, no request that counsel for the state be required to desist, none that the jury be admonished to disregard such remarks. Under the circumstances the question is not open for review.

We have considered other complaints, but find no error which would warrant the granting of a new trial.

The judgment is affirmed.