No. 28,121.

THE STATE OF KANSAS, *Appellee,* v. ROY HILBISH, *Appellant.*

(267 Pac. 1109.)

Opinion filed June 9, 1928.

*J. R. Moreland,* of Eskridge, *William Bowes,* of Alma, *W. L. Huggins* and *O. T. Atherton,* both of Emporia, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *A. E. Carroll,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant was prosecuted for shooting his wife, Eva Hilbish, with the intent to kill or maim her. He was convicted of assaulting her with a pistol and of shooting at her with intent to kill her. He appeals.

■ The defendant complains of the admission of evidence. There was evidence introduced which tended to prove that Eva Hilbish had three children by a former husband when she married the defendant; that, after their marriage, there had been disagreements and quarrels between the defendant and his wife, partly at least over those children; that he compelled those children to work hard in the field on the farm; that he whipped them because they did not do more work; and that he had whipped her. That evidence was objected to. The defendant argues that the admission of it was prejudicial, for the reason that there were only two witnesses who saw the shooting—himself and his wife. She testified positively that he shot her; he testified just as positively that she shot herself. The evidence objected to tended to prove the state of mind of the defendant toward his wife, and tended to prove that condition of mind which might prompt him to kill her or attempt to do so.

In *State v. King,* 111 Kan. 140, 144, 206 Pac. 883, it was said that—

"Any pertinent fact which throws light upon the subject under judicial consideration—the accused's guilt or innocence of the crime for which he is charged and on trial, is admissible; nor is such probative fact to be excluded merely because it may also prove or tend to prove that the accused has committed another crime or many crimes."

See, also, the cases there cited and *State v. Smith,* 113 Kan. 737, 739, 216 Pac. 302; *State v. Bartholomew,* 116 Kan. 590, 592, 227 Pac. 366; *State v. Wahl,* 118 Kan. 771, 774, 236 Pac. 652; *State v. Pitsenberger,* 119 Kan. 649, 651, 240 Pac. 568; *State v. Stanley,* 123 Kan. 113, 116, 254 Pac. 314.

It was not prejudicial error to admit the evidence.

■ The defendant complains of the exclusion of evidence offered by him. A brother of the defendant was on the witness stand. He testified to certain matters. We quote from the abstract of the defendant:

"This witness was then asked questions concerning testimony of Eva

Hilbish at the preliminary examination, but it developed later that the witness was being asked questions from a memorandum the witness himself had made in long hand at the preliminary examination, some of which questions and answers were contradictory to the questions and answers given at the trial, and the court sustained an objection, and instructed the jury that they would not consider any of the questions and answers of the witness relative to the matters on the paper which he himself had prepared at the preliminary."

The memorandum could have been properly used in either one of two ways—it could have been introduced in evidence if it had been competent and its correctness had been established, or it could have been used to refresh the recollection of the witness. (*Sanders v. Wakefield*, 41 Kan. 11, 20 Pac. 518; *McNeeley v. Duff*, 50 Kan. 488, 31 Pac. 1061; *Wilkes v. Coal Co.*, 95 Kan. 493, 148 Pac. 768; *Rigdon v. Farmers Alliance Ins. Co.*, 122 Kan. 136, 251 Pac. 631.) Neither of these was done. What was attempted to be done was not proper.

■ Complaint is made of the manner in which the jury was drawn. C. E. Carroll was the judge of the district court. He was disqualified to sit on the trial of the action. By stipulation, Isaac T. Richardson tried the case. C. E. Carroll made the following order:

"Now on this 10th day of October, 1927, . . . it appearing to the court that there are not enough jurors present to form a panel in the case of the *State of Kansas v. Roy Hilbish* and the other jury cases for trial at this term of court, and for this reason the court orders that the names of twelve additional persons be drawn from the jury box as provided for the drawing of the regular panel, in the same manner as is provided for drawing regular panel, and that said jurors shall be forthwith summoned to appear in said court for jury service."

Two of the jurors drawn under that order served on the jury that found the defendant guilty. This question does not appear to have been presented to the court until on the motion for a new trial, when it was called to the attention of the court by the affidavit of the defendant. It was then too late. (*State v. Jackson*, 27 Kan. 581; *State v. Baldwin*, 36 Kan. 1, 12 Pac. 318; *State v. Wright*, 45 Kan. 136, 25 Pac. 631; *Hanson v. Kendt*, 94 Kan. 310, 146 Pac. 1190; and *Burley v. Missouri Pac. Rld. Co.*, 119 Kan. 95, 237 Pac. 903.) The matter here complained of could not prejudice any substantial right of the defendant.

The judgment is affirmed.