No. 28,298.

The State of Kansas, *Appellee*, v. R. C. Reuter, *Appellant*.

(268 Pac. 845.)

Opinion filed July 7, 1928.

*W. E. Archer,* of Hiawatha, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Caleb F. Bowron,* county attorney, for the appellee; *Sample F. Newlon,* of Hiawatha, of counsel.

The opinion of the court was delivered by

Harvey, J.: This was a prosecution for the larceny of domestic fowls in the nighttime, under R. S. 21-533. Defendant was found guilty, and he has appealed. He complains, first, of the language used by the court in an address to the jurors summoned to serve at the term of court at which he was tried. His case had been previously assigned for trial on the first day of the term of court, and he was present with his witnesses. The jurors had been summoned and were present. After court had been called, and before taking up the trial of any case, the court addressed the jury generally concerning their duties. This procedure is not uncommon, and it is conceded that the court might with prudence address the jury personally with respect to their attendance and, generally speaking, their duties as jurors. But it is complained that the court went fur-

ther than that, and in effect gave instructions that would be applicable to cases to be tried, and that as his case was called immediately after the close of the address, the language used amounted to an instruction in his case. There is room for criticism of the language used by the court. Some of the statements made were inaccurate, and as to some others their accuracy may be seriously questioned. Quite a little was said in opposition to the indeterminate sentence laws which would have been appropriate if addressed to a legislative committee, but which had no place in an address to jurors called to serve at a session of court, for the reason, first, that, in most cases at least, the jury has nothing to do with the question of punishment in criminal cases. Its function is to determine the guilt or innocence of the defendant under the facts disclosed by the evidence considered in accordance with the instructions of the court given in each particular case. And, second, it is the duty, both of the court and the jury, to conform to the law in the discharge of their duties, and an adverse criticism of law by the court in an address to the jury was particularly ill-advised. The address is open to the objection, also, that it tended to be an address of a prosecutor as distinct from that of a jurist. The proper scope of such an address was stated in *State v. Miller*, 90 Kan. 230, 133 Pac. 878, where it was held:

"The statute prescribes the time and manner of instructing juries, and if at the opening of a term it is thought best to address the panel generally touching their duties, care should be used to avoid suggestions or statements likely to influence their decision when called upon later to sit in a given case." (Syl. ¶ 4.)

(See 16 C. J. 827, and cases there cited; also, *Owens v. State*, 19 Ala. App. 621; *People v. Mahoney*, 258 Pac. (Cal.) 607; *People v. Brown*, 214 N. W. (Mich.) 935; *Pate v. State*, 15 Okla. Cr. 90; *Mercado v. State*, 96 Tex. Crim. Rep. 420; *Eason v. State*, 89 Tex. Crim. Rep. 638; *Redwine v. State*, 85 Tex. Crim. Rep. 437; *Chapman v. State*, 42 Tex. Crim. Rep. 135.)

But even if it can be said that the address was objectionable, appellant is not in position to complain of it. No objection was made to it at the time. He made no objection when the jury was called in his case, nor to any juror, nor did he ask for continuance, by reason of the court's address. Nor does the record disclose that he raised the question in any way until he filed his appeal in this court. It is the general rule, both in civil and criminal cases, that

questions not raised in the trial court will not be considered on appeal. (17 C. J. 50.) For all the record discloses, defendant may at the time have regarded the language of the court as being favorable to him, or at least that it was not so objectionable to him as to cause him to call the attention of the court to it. In the instructions given at the close of the trial, among other things, the jury was told that the case must be determined from the evidence which had been received and by the law as given in the instructions. The record suggests no reason to think that the jury did not follow these instructions. There is no error in this respect of which appellant can complain.

Evidence was offered of facts and circumstances tending to show other offenses similar to that charged in the information and within a few months of the same time. Appellant complains of this, and raises the question in the opening statement of counsel for the state, when the evidence was offered, and at various stages of the trial. This question has been before the court on a number of occasions. (*State v. Robinson,* 125 Kan. 365, 263 Pac. 1081; *State v. Baker,* 122 Kan. 552, 253 Pac. 221; *State v. Pitsenberger,* 119 Kan. 649, 240 Pac. 568; *State v. McReynolds,* 118 Kan. 356, 234 Pac. 975; *State v. King,* 111 Kan. 140, 206 Pac. 883; *State v. Ridgway,* 108 Kan. 734, 197 Pac. 199; *State v. Bowers,* 108 Kan. 161, 194 Pac. 652; *State v. Kirby,* 62 Kan. 436, 63 Pac. 752.)

Such evidence may, in the discretion of the court, be received for the purpose of proving identity of the accused, to show his motive, intent, *scienter,* lack of mistake, or his plan or system of operation. While the record in this case does not disclose that counsel for the prosecution had very clear ideas of the purpose for which evidence of this character might be received, the court evidently had the correct theory in mind and repeatedly, in his rulings upon defendant's objection, made it clear that defendant was being tried only for the offense charged in the information, and that evidence with respect to other matters, in so far as it was admitted at all, was received only for some one of the purposes above stated, and as circumstances bearing upon defendant's guilt or innocence of this particular offense for which he was on trial. And in the court's instructions to the jury it was made clear that the defendant was being tried only for the offense charged in the information, and that the other evidence received had been admitted only for one of the purposes above men-

tioned. In view of the way the matter was handled by the court the introduction of this evidence was not seriously objectionable.

At the trial the defendant took the witness stand in his own behalf and was subjected to a lengthy, tedious cross-examination by counsel for the state. Appellant contends that the court abused its discretion in the extent to which it permitted this cross-examination. The examination went largely to the testing of the memory of the witness and as affecting his credibility. The extent to which that may be indulged is a matter which rests largely in the discretion of the trial court, and while the cross-examination here was of great length and in much detail we must remember that this case was tried once before, which trial resulted in a disagreement of the jury. In view of the former trial, there is no reason why the defendant should not have anticipated the nature of the cross-examination and been prepared with facts and data so that he could have answered specifically instead of evasively. By reason of this we cannot say the court abused its discretion in permitting this cross-examination.

Appellant objects to several matters in the instructions of the court. Particular objection is made to the instruction of the court upon the question of reasonable doubt. It is a lengthy instruction, and embodies most of the things which have been given by courts from time to time in definitions of reasonable doubt as to what it is and what it is not. Considered as a whole, there is nothing objectionable to it. Naturally certain sentences can be picked out which, considered alone, are subject to criticism, but when read in connection with the remainder of the instruction they all help to form a part of the definition of the term. It may be questioned whether this lengthy definition clarified the meaning of the term any better than could have been done in a much briefer statement, but the wording of this definition, so long as it is not objectionable, is a matter for the trial court rather than for this court. Other objections made to the instructions have been considered and found to be without substantial merit.

Considering the case as a whole, the guilt of defendant seems reasonably clear. Technical objections will not be given consideration to defeat a meritorious result. (R. S. 62-1718.)

The judgment of the court below is affirmed.