No. 42,716

THE STATE OF KANSAS, *Appellee,* v. JAMES WALKER, *Appellant.*

(372 P. 2d 293)

Opinion filed June 9, 1962.

Appellant was on the briefs *pro se.*

G. *Edmond Hayes,* deputy county attorney, argued the cause, and *William M. Ferguson,* attorney general, *Robert E. Hoffman,* assistant attorney general, and *Keith Sanborn,* county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: Defendant appeals from the verdict of the jury finding him guilty of the commission of the crime of grant larceny under G. S. 1961 Supp., 21-533, from rulings of the trial court, and from

the trial court's sentence of defendant under G. S. 1949, 21-534, upon the verdict of the jury.

On April 26, 1961, defendant appeared in person and through his attorney for the hearing upon his motion for new trial. Defendant moved the court to withdraw the motion for new trial and the motion was sustained by the trial court.

The facts in the case, in brief, are that the defendant and a woman accomplice in the presence of a witness for the state, Karen J. Toon, took $60.00 from a cash register. The accomplice actually took the $60.00 from the cash register and the state's witness directed the accomplice to return the money to the register. Upon failure of the accomplice to do so, the state's witness reached out and grabbed the money, took it from the hands of the accomplice and put it back into the cash register.

The first question raised by the defendant on appeal is whether the above was sufficient possession to constitute commission of the crime of grand larceny. The appropriate statute, G. S. 1961 Supp., 21-533, reads:

"Every person who shall be convicted of feloniously stealing, taking or carrying away any money, goods, rights in action or other personal property or valuable thing whatsoever of the value of fifty dollars ($50) or more, shall be deemed guilty of grand larceny."

Defendant admits the money was reduced to possession by his accomplice and we know of no decision, nor does defendant cite any, where such possession is not sufficient to justify a jury in finding, as it did here, that it was possession.

Defendant's second question is whether the trial court erred in allowing evidence in the form of a certified transcript of a previous felony conviction under G. S. 1949, 21-107a to be admitted into evidence and brought to the attention of the jury. If the record stopped there and defendant had not withdrawn his motion for a new trial, we might have had a different question but here the previous felony conviction was admitted into evidence by the trial court for the sole purpose of proving identity of the accused, to show motive, intent, *scienter*, lack of mistake, or his scheme or system of operation, and the trial court so instructed the jury. The instruction was a correct statement of the law and was properly given. While all of the instructions are not before us, we must conclude the above is the only purpose for which evidence of the previous felony conviction was admitted. Many similar cases ap-

pear in our reports but one that is particularly applicable is *State v. Reuter*, 126 Kan. 565, 268 Pac. 845. It follows that since only alleged trial errors are urged in this appeal and they cannot be reached because defendant withdrew his motion for new trial, there is nothing before this court for appellate review. (*State v. Turner*, 183 Kan. 496, syl. ¶ 1, 328 P. 2d 733; *State v. Trinkle*, 186 Kan. 809, 811, 352 P. 2d 937.)

Affirmed.