JOHN LANE v. WM. SCOVILLE, *et al.*

1. IMPANNELING JURY; *Disqualification of Juror; Laches of Party; Waiver.* Where, at the time of impanneling a jury, a party knows of the disqualifications of a juror, and fails to challenge him on account thereof, he will not be permitted thereafter to raise the objection.

2. ———— Where a juror is called, and upon his *voir dire* testifies that he has no knowledge of the case, a party is ordinarily justified in resting on such testimony.

3. ———— Where there is no reason to suspect the juror who has thus testified, a party is, though there has been a previous trial, under no obligations to examine the record of such trial to ascertain whether the juror did not serve upon such trial; nor is he ordinarily chargeable with gross negligence or laches in forgetting the fact of such service.

*Error from Atchison District Court.*

ACTION by *Scoville*, and two others, partners as *Scoville & Smith*, on a due-bill for $200 executed to them by *Lane* April 3d 1873, on which a payment of $100 was indorsed as having been made on the 16th of said April. *Lane* answered, and alleged that the due-bill was procured by fraud, and was without consideration. Trial at the November Term 1874, C. W. J., judge *pro tem.*, presiding. Verdict in favor of defendant. On plaintiffs' motion, the verdict was set aside and a new trial granted. From this order *Lane* appeals, and brings the case here on error.

*W. W. Guthrie*, and *Horton & Waggener*, for plaintiff in error.

*Wm. R. Smith*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: Lane, who was defendant below, seeks in this case to review an order of the district court granting a new trial. The facts are these: Defendants in error brought their action against Lane before a justice of the peace. A

jury trial was had. Verdict and judgment were for the plaintiffs. Lane appealed. In the district court another jury trial was had, and the verdict was in favor of Lane. The district court sustained a motion for a new trial, and this is the ruling now presented for review. The district court overruled all the grounds for a new trial except one, misconduct of the jury. Upon this it granted a new trial. The misconduct was this: The foreman of the jury in the justice's court was a juror in the trial in the district court. He was called as a talesman, and on his *voir dire* testified that he knew nothing of the case, etc., and was not challenged. The plaintiffs and their attorney had forgotten that he had served on the trial in the justice's court, though they were present at that trial, and did not become aware of the fact until after the jury had been impanneled and the trial commenced. Before this juror was called one had been challenged because he had served on the trial below, and the transcript of the proceedings in the justice's court was passed to and examined by the plaintiff's counsel at that time. Upon this transcript appeared the name of the juror, for whose misconduct the new trial was granted, as foreman of the jury. The counsel doubtless overlooked this, and rested with the testimony of the juror on his *voir dire*.

Ought the ruling of the district court granting a new trial to be reversed? That the juror was incompetent, and that his service on the former jury was cause for principal challenge, is settled by the statute. Gen. Stat. p. 680, Code, § 270. On the other hand, it is clear that if the plaintiffs knew of his disqualification, and failed to challenge, they waived all objection: 2 Gra. & Wat. on New Trials, 467; *Fox v. Hazleton*, 10 Pick. 275; *Barlow v. The State*, 2 Blackford, 114; *Glover v. Woolsey*, Dudley, (Geo.) 85; *Jeffries v. Randall*, 14 Mass. 206; *Booby v. The State*, 4 Yerger, 111. But the point here is, that the plaintiffs were ignorant of the disqualification, having forgotten that the juror had served on the prior trial, then some ten months past, and that they resorted to the ordinary means of ascertaining his disqualification by ex-

amining him on his *voir dire*. In *Barlow v. The State*, supra, some of the grand jury who found the indictment were called and served as petit jurors. It was held that the objection was not good, on a motion for a new trial, although the defendant had forgotten the fact which disqualified when the jury was impanneled. The court says: "Here the defendant had once known that these men were on the grand jury. The statement of his not recollecting it, is insufficient. An affidavit to that effect could never be disproved." See also, *State v. O'Drescoll*, 2 Bay (S. C.) 153. In the case cited above from Dudley's Reports, the juror was security on the appeal bond, and though the party swore he was ignorant of the fact, it was held to be gross negligence not to be aware of it, and the objection to the juror was too late. In *Jeffries v. Randall*, supra, no inquiry was made of the juror on his *voir dire*, and the party was held to have waived any objection to him. In *Rollins v. Ames*, 2 New Hamp. 349, it appeared on the motion for a new trial that one counsel was at the time of impanneling the jury unapprised of the disqualification, but it did not appear whether the party or his other counsel were also ignorant, and the motion was overruled. In the case in 4 Yerger, 111, the affidavit of the juror, that he believed the party was not aware of his disqualification, was held insufficient to show the party's ignorance. On the other hand, in *Williams v. McGrade*, 18 Minn. 82, where there were two trials, and a juror called and served on the second who had also served on the first trial, although the clerk's minutes showed the fact, yet, as nearly three years had elapsed between the two trials, and the juror on his *voir dire* disclaimed all knowledge of the case, the objection was held good on a motion for a new trial. In *Rice v. The State*, 16 Ind. 298, a grand juror was called as a petit juror. On his *voir dire* he swore that he had formed no opinion, etc. A motion for a new trial was sustained, and the court say: "Here the accused undertook to test the juror's freedom from bias, and being answered by the juror that he had formed no opinion on the case, he was not required to go

further and ascertain whether he had been on the grand jury, or whether he was under any other disqualification." See also *Herndon v. Bradshaw*, 4 Bibb, (Ky.) 45.

There is, it will be noticed, not entire harmony between the authorities. It seems to us that these propositions, which find support in the later authorities, are just and reasonable: Where a juror is called, and upon his *voir dire* testifies that he has no knowledge of the case, a party is ordinarily justified in resting on such testimony. Where there is no reason to suspect the juror who has thus testified, a party is, though there has been a former trial, under no obligations to examine the record of such trial to ascertain whether the juror did not serve upon such trial, nor is he ordinarily chargeable with gross negligence or laches in forgetting the fact of such service. Tried by these rules, the decision of the district court is correct, and must be sustained. We are aware, as counsel suggest, that, as the first jury found in favor of plaintiffs, suspicion might be aroused as to the actual forgetfulness of plaintiffs and their counsel; but the district court was satisfied of the truthfulness of their statements, and we have no right to question it. It seems from the affidavits that defendant's counsel was equally forgetful. We notice also that plaintiff's counsel had just examined the justice's transcript in reference to another juror. All that can be inferred from this is, that as to that juror the counsel had some suspicion, either from what the juror said or otherwise, that he had served upon the prior trial; not that he was bound to have the same suspicion, or make the same examination, as to each succeeding juror. The ruling of the district court was in favor of a new trial, and that, as often decided, is entitled to more consideration in this court than one refusing a new trial.

The order of the district court will be affirmed.

All the Justices concurring.