THE STATE OF KANSAS v. ROUGH READY.

JUROR — *Objection to Competency, too Late.* Where an objection to the competency of a juror, namely, that he had served as a juror in the same court in another case within the preceding year, is first raised after verdict, and the party objecting fails to show that the ground of challenge was unknown to him and his counsel when the juror was accepted, or that he would have exercised his right of challenge if he had known that the cause therefor existed, or that he has suffered any prejudice by the retention of the juror, the objection will not be available for the purpose of obtaining a new trial.

*Motion for Rehearing.*

THE case is sufficiently stated in the opinion, *infra,* filed March 7, 1891.

*James J. Hitt,* for the motion.

*L. B. Kellogg,* attorney general, contra.

The opinion of the court was delivered by

JOHNSTON, J.: The appellant asks the court to reëxamine all the points of error originally assigned by him, but it is not deemed necessary to reëxamine or notice any except the single one that a juror who returned the verdict had, within a year before that time, served as a juror in the same court.

It is now insisted that the objection made after verdict was not too late, and that the case of *The State v. Jackson,* 27 Kas. 581, is not controlling. The record shows that Cope had within a year served as a juror in another case; and it further

appears that all of the jurors, including Cope, answered the question, "Have any of you served upon a jury in any court of record in this county within one year last past?" in the negative.  Appellant urges that he had a right to rely on the answer given by the juror on his *voir dire*, and was therefore excused from making further inquiry.  It is true that a party may ordinarily rest on the testimony given by a juror on his *voir dire* in regard to his qualifications.  (*Lane v. Scoville*, 16 Kas. 402.)  But neither the inquiry as to prior services by the juror, nor the answer which he gave, proves that the appellant or his counsel had no knowledge of such prior service. In his motion for a new trial appellant alleges that neither he nor his counsel was aware that Cope had served as a juror within twelve months of the trial, but no testimony was offered to sustain the allegation, and it does not appear to have been one of the conceded facts.  "A known cause of challenge is always waived by withholding it, and raising it as an objection after verdict; since such a practice is incompatible with the good faith and fair dealing which should characterize the administration of justice." (Thompson, Trials, § 114.)  The fact that Cope had served as a juror during the preceding year is not a positive disqualification which vitiates the verdict, but is only a ground of challenge which may be waived. There is nothing to show that Cope solicited the place, nor that he is what is known as a "professional juror."  It does not appear but that Cope had no recollection of his former service, and had no intention to prevaricate or mislead.  No attempt is made to show any bias or prejudice on his part, or that he is other than an honorable and fair-minded man.  Appellant made no showing that he desired to challenge all jurors who had served in that capacity within the preceding year, or that he desired to, or would, have excluded Cope from the jury upon this or any other ground of challenge.  For all that is shown in the record, appellant may have known of this statutory ground of challenge, and yet, with a full understanding of it, desired to retain Cope upon the jury.  If this is the fact, will anyone contend that the

verdict should be set aside and a new trial granted? Although there is much complaint in the brief filed, there is absolutely no showing that the verdict is unjust, nor that the appellant was prejudiced by Cope's wrong answer, or by his presence on the jury. If it had been shown, upon the motion for a new trial, that appellant and his counsel were ignorant of Cope's former service, and that they desired to exclude from the jury all those who had served as jurors within the preceding year, or that they desired to have Cope excluded from the jury, and would have used this ground of challenge to accomplish their purpose, but that the answer of the juror misled them and prevented the challenge, it might be that the objection first made to the juror after the verdict would be available. In the absence of any such showing, we cannot say that the appellant has not waived the objection to the juror, nor that it is made in good time. We are still of the opinion that no injustice has been done to the appellant, and that the verdict should be allowed to stand.

The motion for a rehearing will therefore be denied.

All the Justices concurring.