State v. Lange.

---

No. 27,070.

THE STATE OF KANSAS, *Appellee,* v. THEODORE LANGE, *Appellant.*

SYLLABUS BY THE COURT.

1. INDICTMENT AND INFORMATION—*Indorsement of Witnesses—County Attorney.*
   In a criminal prosecution it is not error for the trial court to permit the
   indorsement of the name of the county attorney on the information as a
   witness when his testimony pertained only to the custody of an exhibit.

2. RAPE—*Competency of Evidence—Medicine Furnished to Produce Abortion.*
   In a prosecution for statutory rape the prosecuting witness·testified that de-
   fendant caused medicine to be furnished her to produce an abortion: *Held,*
   the prosecution is not required to show that the medicine was suitable or
   efficient for that purpose.

3. SAME—*New Trial—Absent Witness—Necessity of Diligence.*  In the trial of
   a criminal case, when defendant knows of a material witness in his behalf,
   and that it is not possible for the witness to be present at the trial, and
   without asking for a continuance or for time to secure the witness or take
   his deposition, proceeds with the trial without advising the court of the sit-
   uation, it is not error for the court to refuse a new trial because of defend-
   ant's inability to have the testimony of such witness.

Appeal from Jefferson district court; MARTIN A. BENDER, judge.  Opinion
filed October 9, 1926.  Affirmed.

*H. N. Casebier* and *H. T. Phinney,* both of Oskaloosa, for the appellant.

*C. B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general,
*Lloyde Morris,* county attorney, and *Edward Rooney,* of Topeka, for the ap-
pellee.

The opinion of the court was delivered by

HARVEY, J.:  This is an appeal from a conviction and sentence
upon a charge of statutory rape.  The complaining witness, who was
under the age of eighteen, testified to repeated acts of sexual inter-
course with defendant; that as a result thereof she became preg-

Criminal Law, 16 C. J. pp. 796 n. 55, 797 n. 58, 1138 n. 26; 20 R. C. L. 236.
Rape, 33 Cyc. pp. 1453 n. 19, 1476 n. 55.

nant, and that she advised defendant of that fact. She further testified that defendant talked of means of getting rid of the child, and named a doctor whom he said would get rid of it for her; but there is no evidence that either of them talked to the doctor about the matter. She further testified that defendant took her to the home of his married sister, in Leavenworth; told his sister the trouble she was in, and that the sister told her, in defendant's presence, that she could get her some medicine which would relieve her. That a few days later defendant again took her to the home of his sister, who gave her a bottle of medicine and told her to take it and it would relieve her. She further testified that she took the bottle of medicine home and later gave it to her father. Her father testified that he delivered the bottle of medicine to the county attorney, to be used in the trial of the case. The county attorney testified that he delivered the bottle with its contents to a local physician for examination; also, that he sent a portion of the contents to the drug laboratory of the state university. The local physician testified that the bottle contained a mixture of turpentine and some other oil, thought to be castor oil.

Appellant makes two complaints of this evidence. The name of the county attorney had not been indorsed on the information. This was noticed when he took the witness stand. The court then permitted the name to be indorsed, over defendant's objection. This ruling is complained of. The indorsing of additional names of witnesses on the information, even during a trial, rests in the sound judicial discretion of the trial court, and material prejudice in a ruling thereon must be clearly shown before it constitutes reversible error. Here the witness simply traced the custody of the bottle of medicine, a matter concerning which there was little or no controversy. The ruling was not erroneous.

It is next contended the contents of the bottle of medicine were not sufficiently analyzed, nor described, nor shown to be suitable or capable of producing an abortion. But defendant was not being tried for producing an abortion, nor for attempting to do so. He was being tried for having had sexual intercourse with a female person under the age of eighteen years. Evidence of the pregnancy of the complaining witness within time to be the result of carnal acts concerning which she testified is competent as showing that some one had sexual intercourse with her. (33 Cyc. 1476; *State v. Miller,*

71 Kan. 200, 80 Pac. 51.)   The evidence of defendant's efforts, on being advised of her pregnancy, to provide some method by which she would be relieved of that condition, is competent as tending to be an admission on his part of his responsibility for her condition, and hence as an admission that he had had sexual intercourse with her, as she testified; but whether the means suggested, or the medicine furnished, are suitable or adequate for that purpose, is of little importance.   There was no error in the ruling of the court upon this question.

Appellant complains that his motion for a new trial was overruled.   As shown by affidavits in support of the motion, the question arises in this way: At the trial the state completed the introduction of evidence about the middle of the afternoon of November 12.   Defendant contends he was surprised at the testimony of the complaining witness, and others, as to the bottle of medicine, and denies that his sister furnished the same, and all knowledge of or connection with it.   He introduced evidence until court adjourned that evening.   Then his mother and brother went to Leavenworth, a distance of about twenty-five miles, to interview the sister and to have her present to testify in behalf of defendant when court opened the next morning.   They found the sister's baby, less than a year old, seriously ill with pneumonia, and requiring the constant attendance of its mother.   The attending physician certified to the serious illness of the child, necessitating the constant care of its mother.   The next morning the trial proceeded, with no intimation of this situation being made to the court, and with no request for a continuance until the witness could be present, nor for time to take her deposition.   The affidavit of the sister was presented on the motion for a new trial, in which she stated that the complaining witness had never been at her home in Leavenworth, that she had never talked with her nor furnished her any medicine, and that her brother, the defendant, had never mentioned the matter to her.   Appellant contends that he did not have a fair opportunity to present his evidence in contradiction of the story of the complaining witness.   The record discloses, of course, that he used no diligence in the matter. He knew, as early as the opening of court on the morning of November 13, that it would not be possible for his sister to be present. Yet, vital as he now regards this evidence, he chose to proceed to trial without it, and risk his case upon his own denials of the trans-

action. He chose to so submit the case, and he must now abide by the result. Since the court knew nothing of the inability of this witness to be present, no error was committed by proceeding with the trial—neither was it error to refuse a new trial because of the inability of this witness to be present.

Finding no error in the record, the judgment is affirmed.