No. 35,623

William A. Schuchmann, *Appellee*, v. The City of Kansas City, *Appellant*.

(133 P. 2d 132)

Opinion filed January 23, 1943.

*William H. Towers*, of Kansas City, argued the cause, and *Alton H. Skinner*, city attorney, *Edwin A. Schalker, William H. McHale* and *Joseph A. Lynch*, deputy city attorneys, were on the briefs for the appellant.

*Thomas H. Finigan*, of Kansas City, argued the cause for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action for damages for personal injuries to plaintiff alleged to have resulted from defendant's negligence in failing to keep a street safe for travel. The jury answered special questions and returned a general verdict for plaintiff for $3,500, which was approved by the court, and on which judgment was rendered. Defendant has appealed.

The facts disclosed by the record may be summarized as follows: Plaintiff, a man of about 66 years of age, resides at 2300 South Fourteenth street, Kansas City. He had been working in Kansas City, Mo., and drove to his work early every morning. On the 19th day of January, 1939, when he started to go to his work he found his car had a flat tire. Not wanting to take time to repair it, he walked north on Fourteenth street, intending to reach a certain bus line. In the seventeen-hundred block on South Fourteenth street there is a steep hill, downgrade to the north. The vicinity there is sparsely settled. There was no sidewalk on the east side of the street and the sidewalk on the west side for a considerable space had deteriorated and was broken up in chunks in such a way that he thought it dangerous to try to walk on them. He walked out into the street, which was paved. It was dark—about six o'clock

or a little earlier—and he stepped into a hole in the pavement about two feet wide, three feet long and six to eight inches deep, which had broken cement or stones in the bottom, some of them as large as a baseball. This was not guarded in any manner. When he stepped into this hole he fell and broke his hip, lay there for a little while, then crawled over to the edge of the pavement. After some time a man who had driven down the hill in a car stopped and tried to help him, but being unable to do so got word to the police. Soon thereafter two policemen came in a car. They took plaintiff first to the home of Doctor Haas, who was on the medical staff of the city, and on his advice took plaintiff to the hospital. There was evidence as to the extent of his injuries and treatment. Also there was evidence that a hole something like that described by plaintiff had existed in the pavement at this place for as long as two years.

The sharp conflict in the evidence was with respect to whether there was snow or ice on the pavement at the place where plaintiff fell. Plaintiff's testimony, and that of other witnesses called in his behalf, was to the effect that there was none, while the testimony of witnesses called on behalf of defendant was to the effect that there was snow or a thin layer of ice at the place and all over the payment that morning. One of the police officers who took plaintiff to the doctor and to the hospital testified that when the officers first talked to the plaintiff he stated to them that he had slipped on the ice and fallen. On rebuttal plaintiff denied having made that statement.

Answering special questions, the jury found that there was no snow or ice on the street at the time and place of plaintiff's fall; that the cause of plaintiff's fall was a defective hole in the street which had existed for two years or more prior to his injury. Defendant moved to set aside these findings and later withdrew the motion.

In this court appellant contends the court erred in overruling its motion to strike from the petition allegations to the effect that there was no sidewalk on one side of the street and that the sidewalk on the other side was so broken that it could not be used with safety. We think there was no error in that ruling. It was descriptive of the situation there and tended to explain why plaintiff was walking in the street. The testimony of plaintiff was to the same effect. There is no contention that the facts with respect to this matter are not as they were alleged and testified to.

Appellant also complains that the court overruled its demurrer to

plaintiff's evidence. We think there was ample evidence to go to the jury.

Appellant contends the court erred in overruling its motion for a new trial. Upon the hearing of that motion numerous affidavits were filed. At the hearing of the motion defendant contended that one of the jurors who sat in the case was not a bona fide resident of Wyandotte county and hence was not a qualified juror. Many affidavits were presented in support of and in opposition to that contention. After considering all the evidence the court found that the contention of defendant had not been sustained by the evidence. We think it was a fact question competent to be determined by the trial court and that there was ample evidence to sustain the court's findings on this point, and that we are not in a position to disturb it. More than that, since the question had not been raised until after the verdict the rule seems to be that it was too late. (See *State v. Jackson,* 27 Kan. 581; *State v. Hilbish,* 126 Kan. 282, 284, 267 Pac. 1109, and authorities there cited.)

Defendant further contended that the same juror made remarks in the jury room clearly showing that he was prejudiced against defendant and particularly against witnesses used by defendant, and otherwise misconducted himself in the jury room. There was conflicting evidence before the trial court on that question, all of which was considered by the court, and defendant's contention was denied. We think the ruling correct.

Defendant also complained of the conduct of one of the witnesses for plaintiff and of some of the argument of counsel for plaintiff. The court considered that and found no substantial merit in the complaint.

Defendant also contended it had newly discovered evidence material to the controversy, for which reason a new trial should be granted. Affidavits were presented to the court respecting such evidence. The court found there had been no diligence exercised by defendant in procuring this evidence, although three years had elapsed from the time of the injury to the trial of the case. This ruling is well sustained by the record. More than that, the new evidence sought to be offered was largely cumulative.

Matters pertaining to the hearing of the motion for a new trial consumed a large part of the record and briefs before us. We think it would serve no useful purpose to set these matters out in detail in this opinion. We have considered the entire record and the argu-

ment of counsel and find no reason to disturb the rulings and judgment of the trial court.

Neither do we find any reason to say that the judgment is excessive. Plaintiff was seriously injured; he was in the hospital for many weeks, and when the treatment was finally completed one leg was an inch shorter than the other. Prior to his injury he had been a healthy man and worked continuously, but since his injury he has been unable to work.

On the whole, the case was largely a fact case. There is an abundance of evidence to sustain the findings and verdict of the jury and we see no reason to disturb it. Therefore, the judgment of the trial court is affirmed.

PARKER, J., not participating.