No. 38,833

THE STATE OF KANSAS, *Appellee,* v. CHET W. BURGETT, *Appellant.*

(254 P. 2d 254)

Opinion filed March 7, 1953.

*Abraham Weinlood,* of Hutchinson, argued the cause and *Don Shaffer,* of Hutchinson, was with him on the briefs for the appellant.

*John R. Alden,* of Hutchinson, argued the cause and *Harold R. Fatzer,* attorney general, and *Fred C. Preble,* of Hutchinson, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: The defendant was convicted of receiving stolen property. He appeals.

The information was in three counts. The second count was dismissed. He was acquitted on the first count and convicted on the third. The different counts charged defendant with buying and receiving property stolen in different burglaries. The first count was for receiving property stolen from a cafe at Yoder, Kansas, the third count five sets of diamond engagement and wedding rings stolen from Friesen Jewelry, Buhler, Kansas. In each count the same two men were named as the men from whom the property was "bought and received." These were Dean Smith and George Oscar Hall.

The main question argued by defendant has to do with the endorsement of a name on the information just before the trial started and permitting the witness whose name was thus endorsed to testify and denying defendant a continuance on account of this belated endorsement.

The question first appeared when the opening statement of the state was being made by the assistant county attorney. In this statement the assistant county attorney said there would be evidence of a conversation between one Bob Stevenson and defendant. At the close of this statement counsel for defendant objected to the use of Stevenson as a witness and asked the trial court for a continuance if Stevenson was to be used as a witness.

The trial started on Monday. We learn from a colloquy in the record between the court and counsel for both parties that on the Saturday morning preceding the county attorney had asked the trial court permission to endorse the name on the information and the permission had been given. From this colloquy we learn that one of counsel for defendant had been in the courtroom most of Saturday morning. No notice had been given him of the application to endorse the name and the first he heard of the likelihood of the man's testifying was when he heard the opening statement.

The trial judge remarked that the three men, that is, the two named in the information, and the one whose name the county attorney sought to endorse, were all involved in the robberies. The trial court also remarked that Stevenson was available and counsel for the defendant should be given an opportunity to talk to him and

investigate anything in connection with the witness which he could not have foreseen until his name was endorsed. The following then transpired:

"Mr. Weinlood: We want to talk to this man about that.

"By the Court: You can have that opportunity. That shouldn't take very long. It shouldn't be necessary to take very long.

"By the Court: We will not put him on this morning, anyhow. We will probably get to him this afternoon, however.

"By Mr. Shaffer: We object to any part of this trial going on until we get a chance to make some kind of an investigation of this witness. This is a very important matter for the defendant.

"By the Court: You will have the privilege of talking to the witness. That can be arranged during the noon hour. You will also have the opportunity of course, to talk to the defendant and find out if there is anything further that is necessary to investigate, then we can find out about that this afternoon before this particular witness takes the stand, and report back at that time."

The motion for continuance was overruled and the trial proceeded.

The statute with reference to endorsing names on informations is G. S. 1949, 62-802. It provides:

"Informations may be filed during term time or in vacation in any court having jurisdiction of the offense specified therein, by the prosecuting attorney of the proper county as informant. He shall subscribe his name thereto, and endorse thereon the names of the witnesses known to him at the time of filing the same. He shall also endorse thereon the names of such other witnesses as may afterward become known to him, at such times before the trial as the court may by rule or otherwise prescribe. All informations shall be verified by the oath of the prosecuting attorney, complainant, or some other person."

Counsel for defendant argue it was an abuse of the trial court's discretion to permit the endorsement of this name under all the surrounding facts and circumstances and to deny the defendant a continuance when defendant requested it.

The defendant argues there was testimony about two burglaries and that he bought and received stolen property from each. He states that as to the first count only Hall and Smith testified that defendant had received property from those robberies and he was acquitted on that count. He then states that besides Hall and Smith, Stevenson testified as to the third count. He argues from this that he was prejudiced by the admission of Stevenson's testimony. We may start our consideration of the question with the statement that names may not be endorsed on the information after the start of the trial when such a thing will result in prejudice to the rights of the defendant. Whether the rights of the defendant were actually pre-

judicial is a matter to be considered in view of all the surrounding facts and circumstances. In the first place, it is hardly correct to say that the only difference between the testimony on the first count and that on the third was that Stevenson did not testify about defendant receiving goods from the first. Actually Hall did not testify as to any information he had as to the disposition of the goods stolen in the first count. The only person who testified that defendant received any of these goods was Smith. He was a prisoner in the penitentiary at the time he testified, having been sentenced for four burglaries. It is not remarkable that the jury refused to find defendant guilty on his testimony.

As to the third count, Smith and Stevenson both testified to facts that if believed by the jury would be sufficient to sustain a verdict of guilty of receiving some engagement rings from the Friesen robbery. As a matter of fact, all three, that is, Hall, Smith and Stevenson, had been involved in some seventy-five burglaries in Reno county and neighboring counties. If the jury believed Smith, which it had a right to do, his testimony would have been substantial evidence of defendant's guilt. The testimony of Stevenson was actually cumulative.

The defendant did not on his motion for a new trial produce anything to contradict or refute the testimony of Stevenson. Counsel argued at the start of the trial that they were surprised by Stevenson being permitted to testify. The court was warranted in considering that one of counsel for defendant had been counsel for Stevenson at the time he pleaded guilty and was sentenced to the Kansas state industrial reformatory. It is difficult to see how counsel for defendant could have been surprised at Stevenson being used as a witness.

The endorsing of additional names of witnesses on the information, even during a trial, rests in the sound discretion of the trial court, and material prejudice in the ruling hereon must be clearly shown before it constitutes reversible error. (See *State v. Lange,* 121 Kan. 703, 249 Pac. 595; *The State v. Howland,* 100 Kan. 181, 163 Pac. 1071; and *The State v. Buckle,* 116 Kan. 51, 225 Pac. 1035.)

It does not appear from this record how defendant could have helped his case had he known earlier that the county attorney intended to use Stevenson as a witness. The names of the other two confederates in the burglary were endorsed on the information. Defendant knew the county attorney expected to use them. It

should not have come as much of a surprise that he expected to use the third accomplice. Stevenson was confined to the reformatory there at Hutchinson. About the only way to prove the charge of receiving stolen property is by testimony of the thieves. In the case of Stevenson, he seems to have made up his mind to testify only a short time before the trial was to start. Counsel stated that Stevenson refused to talk to him during the noon recess. Perhaps he would have refused to talk had counsel known about him on Saturday. We have concluded that no prejudice was shown.

Defendant next complains that the trial court erred in giving Instruction No. 7. This was the instruction in which the jury was told how it must weigh the evidence of accomplices. The court said:

"The Jury are instructed that the State has introduced evidence by Robert Stevenson, George Oscar Hall and Myron Dean Smith as witnesses to establish the defendant's guilt as to the offense charged.

"These witnesses claim to have stolen the various articles of property testified about and turned them over to the defendant and by such testimony would be accomplices with the defendant in the commission of the crimes charged against this defendant. In this connection you are instructed that this testimony should be received and weighed by the jury with caution but the degree of credibility to be given to such testimony is a matter exclusively within your province. This evidence should be accepted and weighed by you by the general rules laid down in these instructions for the weighing of testimony."

It will be noted the jury was instructed such evidence must be received and weighed with caution but should be accepted and weighed by the general rules laid down in the instructions for the weighing of testimony. Defendant argues the jury should have been told such testimony should be cautiously scrutinized but that if it was otherwise sufficient and fully satisfied the giving of defendant's guilt a verdict might be based on it. We can discern very little difference between the instruction and the one defendant argues should have been given. The jury was instructed that in order to find defendant guilty, they must believe him guilty beyond a reasonable doubt. All the instructions in a criminal case must be considered together. (See *State v. Spohr*, 171 Kan. 129, 230 P. 2d 1013.)

Defendant next argues that the trial court erred in giving Instruction No. 6 and No. 8. Instruction No. 6 pertained to the question of whether the defendant knew the property was stolen. The

jury was told it was sufficient if the state had proved beyond a reasonable doubt that the defendant at the time he received this property had a belief or even a reasonable suspicion from all the circumstances known to him at the time that the property was stolen. Then in another paragraph the court told the jury:

"Stated in other words, it is enough on this point for you to be satisfied beyond a reasonable doubt that the goods were in fact stolen and that from the facts known to the defendant he must have understood he was receiving stolen property and acted upon that understanding."

This is but another way of telling the jury the offense charged could be proved by circumstantial evidence. We discern nothing wrong with it.

By Instruction No. 8 the jury was told it was sufficient if the state had proved beyond a reasonable doubt that the defendant took the property into his care and custody with the knowledge that it was stolen and it was not necessary for the state to show that the defendant actually purchased or agreed to purchase it and it was sufficient if the state proved it was taken into his custody temporarily knowing it was stolen and was actually within his care and custody for any period of time. Defendant points out that the information charged that defendant did wilfully buy and receive. He argues that the jury should have been told it must be convinced beyond a reasonable doubt that defendant bought the property.

This argument is not good. It was sufficient to prove the offense if the jury was convinced beyond a reasonable doubt that defendant received the property knowing it was stolen. It was not necessary for the state to prove that defendant paid or agreed to pay for the property.

The judgment of the trial court is affirmed.