No. 43,156

The State of Kansas, *Appellee*, v. Branch Milton Wainwright, *Appellant.*

(376 P. 2d 829)

Opinion filed December 8, 1962.

*John J. Gardner,* of Olathe, argued the cause and was on the brief for the appellant.

*Hugh H. Kreamer,* county attorney, argued the cause, and *William M. Ferguson,* attorney general, and *Robert Hoffman,* assistant attorney general, were with him on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: Defendant (appellant) Branch Milton Wainwright was charged, tried and convicted of grand larceny of clothing belonging to one J. Gordon Campbell. From an order overruling his motion for a new trial, defendant has appealed.

On his motion for a new trial the defendant contended for the first time that the verdict could not stand for the reason that one of the jurors was a nonresident of Johnson county, the county in which the alleged offense was committed and tried, and that Section 10 of

the Bill of Rights guarantees a trial by "an impartial jury of the county or district in which the offense is alleged to have been committed."

The one juror, Lt. Col. James M. Walley, was an officer who was stationed and had lived in Johnson county since July 15, 1960, to the date of the trial of the action on the 29th day of March, 1962; who owned a home in that county and paid real estate and other taxes in the county, except personal property taxes; and whose name was listed on the tax rolls by the assessor of Johnson county for the year 1961. The colonel appeared in the jury box in uniform and was qualified as a juror on his *voir dire* examination. There was no objection to this juror and he was passed for cause and accepted by defendant as a juror.

There is no contention that Colonel Walley was not legally selected for jury service in Johnson county or that he was not on the tax rolls of Johnson County, nor is there any intimation or contention that Colonel Walley sought his selection as a juror, that he misrepresented his residence on his *voir dire* examination, nor does defendant contend the colonel did not prove to be an entirely fair and impartial juror.

On his motion for a new trial defendant presented two affidavits made by Colonel Walley, one on the 15th of January, 1961, and the other on the 20th of December, 1961, wherein he stated that he was a resident of Louisiana, although he was living in Johnson county at all times with his wife and family in their home, and that he owned his home in Johnson county and paid real estate and other taxes in the county, except personal property tax. It is noted that these affidavits were made long before Colonel Walley was called as a juror to sit in the instant action.

We believe the question of residence of the juror was a fact question to be determined by the trial court, and that there was ample evidence to sustain the court's inherent finding that the juror was a resident of Johnson county. Moreover, since the question of the qualifications of the juror was not raised until after the verdict was rendered, defendant's objection comes too late. In *State v. Jackson,* 27 Kan. 581, the defendant was prosecuted for murder in the first degree. It was held the fact two jurors were not electors did not absolutely disqualify them but that it was a ground for challenge. It was further held that an objection to such disqualification came too late when made after the verdict had been rendered. It was

emphasized that this was particularly true when the disqualification resulted in no prejudice to any substantial right. In the instant case no prejudice was shown.

The aforementioned rules have been reiterated by this court in *State v. McCombs,* 163 Kan. 225, 181 P. 2d 473; *Schuchmann v. Kansas City,* 156 Kan. 282, 284, 133 P. 2d 132; *State v. Hilbish,* 126 Kan. 282, 284, 267 Pac. 1109; and *State v. Ready,* 44 Kan. 700, 26 Pac. 58.

Defendant next contended the trial court erred in overruling his objection to the county attorney's endorsing certain witnesses on the information on the day before the trial. The record discloses that the defendant was given the opportunity to examine the witnesses so endorsed before they testified. Defendant did not choose to exercise this privilege and made no request for a continuance due to the names endorsed on the information on the day before. This court has consistently held the endorsing of additional names of witnesses on the information, even during a trial, rests in the sound discretion of the trial court, and material prejudice in the ruling thereon must be clearly shown before it constitutes reversible error. (*State v. Burgett,* 174 Kan. 102, 105, 254 P. 2d 254; *State v. Lopez,* 182 Kan. 46, 49, 318 P. 2d 662.) There is nothing in the record in the instant case to indicate how defendant could have helped his case had he known earlier that the county attorney intended to use the endorsed witnesses, and we are of the opinion the trial court did not abuse its discretion in permitting the endorsement of the names of witnesses on the information and allowing the witnesses to testify.

Defendant further asserted that the trial court erred in permitting the county attorney to elicit from a state's witness on redirect examination testimony concerning other crimes other than the one on which defendant was charged.

One of the state's witnesses, Doyle H. Mace, a former associate of defendant, testified on direct examination by the state, in pertinent part, that he had been acquainted with the defendant approximately six years; that on the date the alleged crime was committed he and the defendant each took from an Oldsmobile station wagon two bags of sample clothing and went to defendant's home where the clothing was put in his basement; that several people, including a Mrs. George whom defendant introduced to the witness as his ex-wife, came to the defendant's home to look at the clothing; that Mrs.

George bought $175 worth of the clothing, which she paid for by check; and that the check was cashed and the money divided between the witness and the defendant. There was nothing in the direct examination of the witness to show or indicate that the witness was asked about any other offense than the one charged in the information on which the defendant was being tried.

On cross-examination of the witness Mace counsel for the defendant, in an attempt to attack the witness' credibility and discredit his testimony, brought out for the first time that the witness was angry with the defendant because of defendant's failure to pay him $1,000 that the witness claimed defendant owed him since the date defendant received his check for a fire loss. On further cross-examination defense counsel brought out the fact that defendant was implicated in two other offenses of larceny.

On redirect examination the state, in an attempt to rehabilitate the witness, elicited, over objection of defense counsel, testimony to the fact that the $1,000 debt the witness claimed was owed to him was for burning defendant's house for him, and further, explaining that the defendant was a participant in the other two crimes referred to on cross-examination. The questions asked by counsel for the state on redirect examination only tended to clear up the situation that had been injected into the case by defendant's counsel on cross-examination of the state's witness.

In answer to defendant's contention, it may be said that a witness may be asked questions to clarify or modify statements made on cross-examination, or to explain matters brought out on such cross-examination about which he had not testified on direct examination, or to rebut or avoid the effect of such new matter. Indeed, the cross-examination of a witness may open the door for the admission on redirect examination of matters tending to support the case which would not have been admissible on the case in chief. (3 Wharton's Criminal Evidence, 12th ed., §§ 895, 896, pp. 307, 308.) Where the defendant himself has brought the evidence out in his cross-examination, he cannot now claim to have been prejudiced. (*State v. Lillian*, 180 Kan. 640, 645, 305 P. 2d 828; *State v. Barnett*, 156 Kan. 746, 749, 137 P. 2d 133; *State v. Rafferty*, 145 Kan. 795, 796, 67 P. 2d 1111.) Defendant's contention is without merit.

Defendant next contended that inasmuch as Mr. Campbell did not personally testify there was no proof of ownership of the property alleged to have been stolen. There was ample evidence the

clothing was stolen from the automobile at Campbell's residence; that the clothing was "Alice of California" brand; that Campbell lived at the address and sold this brand of clothing; that after the property was recovered it was delivered to Campbell and that Campbell, in the due course of business, sold some of the property, of which these were samples, to dealers. The record is replete with evidence, both direct and circumstantial, to justify the jury's finding that Campbell was the owner of the property stolen. It is elementary that in a criminal prosecution any of the essential elements of the crime may be proved by circumstantial evidence. (*State v. Hupp*, 154 Kan. 410, 118 P. 2d 579; *State v. Dill*, 182 Kan. 174, 175, 319 P. 2d 172.)

Defendant maintained that it was error for the trial court to give an instruction on a degree of crime inferior to the principal offense. All that need be said as to this contention is that error in giving an instruction upon lesser degrees or offenses works no prejudice when the defendant is convicted upon satisfactory evidence of a higher charge under proper instructions relating to it. The defendant having been charged with grand larceny and having been convicted of that charge, the correctness of an instruction relating to a lesser degree of that charge becomes immaterial and the defendant cannot be heard to complain. (*State v. Spencer*, 186 Kan. 298, 303, 304, 349 P. 2d 920; *State v. Robinson*, 182 Kan. 505, 510, 322 P. 2d 767; *State v. Hockett*, 172 Kan. 1, 4, 238 P. 2d 539; *State v. Winters*, 81 Kan. 414, 105 Pac. 516.)

In view of what has been said, the judgment of the trial court is affirmed.