No. 46,385

State of Kansas, *Appellee, v.* Freddie E. Scott, *Appellant.*

(495 P. 2d 983)

Opinion filed April 8, 1972.

*Michael R. Elson,* of Sowers, Sowers, Carson and Johnston, of Wichita, argued the cause and was on the brief for the appellant.

*Mark Anderson,* deputy county attorney, argued the cause, and *Vern Miller,* attorney general, *Keith Sanborn,* county attorney, and *Larry Kirby,* deputy county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: This is a direct appeal. The defendant, Freddie E. Scott, was tried by a jury and found guilty on three counts of robbery in the first degree. (K. S. A. 21-527) His crimes consisted of robbing a retail establishment called Brother's Inc. on March 18, 1970, a service station called Denny Klepper Service Station on March 22, 1970, and a retail liquor store called Van Curen Liquor Store on March 27, 1970. He carried a hand gun and obtained money in each robbery.

We have examined the record and briefs and find that the five points presented do not justify reversal of the convictions.

Defendant contends the instructions were erroneous because the state was not required to prove the amount of property taken was in excess of $50.00. The value of property taken from one who is robbed is not an essential element of the offense of first degree

robbery, as defined in K. S. A. 21-527, so long as that which was taken is property. (*Scoggins v. State*, 203 Kan. 489, Syl. ¶ 1, 454 P. 2d 550.)

Next it is contended the trial court erred in permitting a person who wore a hearing aid to sit as a juror in the case. During the voir dire the juror was asked if he was able to hear "pretty well". He replied, "Oh, I have to have a hearing aid." There is no showing that defense counsel sought to have the person excused and the record does not reflect that the person had any difficulty in hearing all proceedings. No disqualification is shown in the record. When a person's qualification to sit as juror is not raised until after the verdict it comes too late. (*State v. Dodson*, 207 Kan. 437 439, 485 P. 2d 1010; *State v. McCombs*, 163 Kan. 225, 228, 181 P. 2d 473.)

Defendant contends there was no substantial evidence to identify him as the robber in each of these three robberies. The record indicates otherwise. Eye witnesses present during each robbery personally identified the defendant as the robber. These identifying witnesses were Mr. Araujo in the Brother's retail store robbery, Messrs. Parks, Shank and Baker in the Denny Klepper Service Station robbery and Mr. Gamble in the Van Curen Liquor Store robbery. In addition the defendant was photographed in the act of robbery by a hidden camera in the Van Curen Liquor Store.

Defendant contends his convictions should be reversed because the *Miranda* warning was not immediately given to him when he was arrested. On arriving at the police station a request was made to fill out a general information sheet. Defendant complied. This information sheet was not used in the trial of the case. It was used to complete a record of those in jail. The sanction to be imposed by the trial court for failure to warn a defendant of his constitutional rights as required by *Miranda* is the exclusion from evidence of the statements and admissions made by defendant. The appellant cannot complain of statements or admissions made by him which were not used as evidence against him in the trial court. (*Daugherty v. State*, 204 Kan. 604, 605, 464 P. 2d 221.)

The final contention of defendant is that he was in jail on the day the Van Curen Liquor Store was robbed on March 27, 1970, and could not have committed that robbery. The record does not disclose whether the defense of alibi was properly raised and pre-

sented to the jury. The record discloses, by defendant's own testimony, that defendant was not arrested until Saturday. The Van Curen Liquor Store was robbed on Friday, March 27, 1970. In any event the jury determined the question.

The judgment is affirmed.